**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-20921-MOORE/Elfenbein**

ANGELO PERRY,

       Plaintiff*,*

v.

CITY OF MIAMI,

       Defendant*.*

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COSTS**

       **THIS CAUSE** is before the Court on Defendant City of Miami's ("Defendant") Motion for Costs (the "Motion"), ECF No. [85].  The Honorable K. Michael Moore referred the Motion to me "to take all necessary and proper action as required by law with respect to Defendant City of Miami's Motion for Costs."  *See* ECF No. [87].  Plaintiff did not file a response in opposition, nor did Plaintiff respond when ordered to do so.  *See* ECF No. [88].  For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [85]**, be **GRANTED**.

**I.**      **BACKGROUND**

       Plaintiff originally filed this action under Title VII and the Florida Civil Rights Act, alleging discrimination against Defendant based on his alleged protected status.  *See generally* ECF No. [1].  Subsequently, Plaintiff filed a Second Amended Complaint ("SAC") and Defendant moved to dismiss it with prejudice.  *See* ECF No. [35]; ECF No. [38].  On April 15, 2026, the Court granted Defendant's Motion to Dismiss, dismissing all claims in the SAC with prejudice.  *See generally* ECF No. [79].

On May 15, 2026, Defendant, as the prevailing party, filed the Motion seeking $1,246.00 in taxable costs along with a Bill of Costs itemizing those expenses.  *See* ECF No. [85-1]; ECF No. [85-2] at 2.  Specifically, the Bills of Costs seeks to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" in two categories: (1) $395.00 for attendance of the court reporter for Plaintiff's deposition and (2) a lump sum of $851.00 for the cost of the transcript for Plaintiff's deposition along with one additional copy.  *See* ECF No. [85-1]; ECF No. [85-2].

Plaintiff failed to respond to the Motion by the deadline.  As a result, the Court ordered him to respond no later than June 9, 2026, but Plaintiff failed to do so.  *See* ECF No. [88].  This Motion is now ripe for review.

## II.      LEGAL STANDARD

### A.  Rule 54(d)(1), Section 1920, and Local Rule 7.3 Govern Taxable Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order otherwise directs.  Fed. R. Civ. P. 54(d)(1).  Under Rule 54(d), the Eleventh Circuit recognizes a "strong presumption" that the prevailing party will recover taxable costs.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (quoting *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).  The losing party bears the burden of overcoming that presumption and showing that costs should not be awarded.  *See Chapman v. AI Transport*, 229 F.3d 1021, 1039 (11th Cir. 2000).

That presumption is limited by statute.  A court may not award costs unless 28 U.S.C. § 1920 authorizes their taxation.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that federal courts are bound by the limits set out in § 1920 and may not tax

2

costs beyond those categories absent express statutory authority).   Relevant here, § 1920 authorizes, among other items, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."   28 U.S.C. § 1920(2).

The prevailing party must submit a request that allows the court to determine what costs were incurred and whether those costs are recoverable.  *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (placing burden on fee applicant to support request with sufficient detail). Further, "local rules in this District require the prevailing party to move for costs within thirty days of the underlying judgment."  *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 682 (S.D. Fla. 2009); S.D. Fla. L.R. 7.3(c).  Local rules in this District also require "[a]n application for a bill of costs be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c).  "The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by . . . memorandum . . ." *Id*.  "Failure to provide supporting documentation constitutes grounds for denying costs."  *Doria*, 261 F.R.D. at 682.

**B.  Deposition Costs are Taxable Only If Necessarily Obtained for Use in the Case**

As mentioned above, § 1920(2) authorizes fees for deposition transcripts "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  A deposition transcript need not be used at trial to be taxable; necessity is dependent upon whether the deposition was "necessarily obtained for use in the case."  *U.S. Equal Employment Opportunity Commission v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000) (affirming taxation of deposition costs for transcripts relied upon).  Court reporter appearance fees are taxable on the same basis.  *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013) (holding the appearance fee is directly related to preparing the transcript).  And the costs of the deposition are taxable under § 1920 where

no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken. *Watson v. Lake Cty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012). The party opposing the depositions costs has the burden of "demonstrat[ing] that any portion of the deposition was not related to an issue which was present in the case at the time the deposition was taken." *W&O, Inc.*, 213 F.3d at 621.

### III.    DISCUSSION

In the Motion, Defendant, as the prevailing party, submitted a Bill of Costs under oath seeking $1,246.00 for the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* ECF No. [85]-1. The costs are broken down as follows: (1) $395.00 for "Attendance of Reporter" and (2) $851.00 for the transcript of "Deposition of Plaintiff." *See* ECF No. [85-2] at 2. Defendant requested taxation of these costs within thirty days of the Order granting the Motion to Dismiss in its favor and used AO Form 133, ECF No. [85-2], in compliance with Local Rule 7.3. *See* S.D. Fla. L.R. 7.3(c); *Doria*, 261 F.R.D. at 682. Defendant also submitted the appropriate supporting documentation showing the itemization of costs consistent with the requirements of Local Rule 7.3. *See* S.D. Fla. L.R. 7.3(c); ECF No. [85-2] at 1-2.

While Defendant did not detail the necessity of costs associated with Plaintiff's deposition, the undersigned finds that the deposition costs were necessarily obtained for use in the case and are taxable under § 1920(2) as Plaintiff is a named party to the case, hence the deposition and its costs were necessary to ascertain the facts of the case. *See Joseph,* 950 F. Supp. 2d at 1258–59 (holding plaintiff's deposition was necessarily obtained as she was a named party and primary witness in the case and necessary to ascertain facts of the case). Further, Defendant cited to and relied on Plaintiff's deposition transcript in support of its Motion for Summary Judgment, further

supporting the necessity of the deposition. *See W&O, Inc.*, 213 F.3d at 621 ("A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'") (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)); ECF No. [74-1]; ECF No. [75]. The Court further notes it is Plaintiff who bears the burden of demonstrating the costs were not necessarily obtained for use in the case. *Id.* Yet, Plaintiff filed no objection whatsoever, even after the Court ordered him to respond. *See* ECF No. [88]. Because the costs associated with Plaintiff's deposition were necessarily obtained for use in the case and such costs are permitted under 28 U.S.C. § 1920, the undersigned concludes that these costs — the transcript and court reporter fee for attendance at Plaintiff's deposition — are taxable. *See Joseph* 950 F. Supp. 2d 1254, 1258–59; S.D. Fla. L.R. 7.3(c). Accordingly, I respectfully recommend the Court **AWARD** Defendant $1,246.00 in deposition costs.

## IV.    CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that Defendant's Motion for Costs, **ECF No. [85],** be **GRANTED.** Defendant should be awarded a total of $1,246.00 in deposition costs. The Clerk of Court should be directed to enter a Bill of Costs reflecting the above taxable amounts in favor of Defendant and against Plaintiff.

Pursuant to Local Magistrate Rule 4(b), the Parties will have fourteen (14) days from the date of service of this Report and Recommendation to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions except on grounds of plain error, if necessary, in the interests of justice. *See* 28 U.S.C.

CASE NO. 25-CV-20921-MOORE/Elfenbein

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 8, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

6